**NOT FOR PUBLICATION**

UNITED STATES COURT OF APPEALS

FOR THE NINTH CIRCUIT

| | |
|---|---|
| JOHN R. PRUKOP,<br><br>    Plaintiff - Appellant,<br><br>  v.<br><br>KING COUNTY SHERIFF and METROPOLITAN KING COUNTY, a Municipal Corporation,<br><br>    Defendants - Appellees. | No. 09-36083<br><br>D.C. No. 2:07-cv-00216-RSM<br><br>MEMORANDUM[*] |

Appeal from the United States District Court
for the Western District of Washington
Ricardo S. Martinez, District Judge, Presiding

Submitted January 10, 2011[**]

Before:    BEEZER, TALLMAN, and CALLAHAN, Circuit Judges.

    John R. Prukop appeals pro se from the district court's summary judgment

for defendants in his action alleging violations of the Age Discrimination in

Employment Act ("ADEA") and 42 U.S.C. § 1983 in connection with his

_____

    [*]    This disposition is not appropriate for publication and is not precedent except as provided by Ninth Circuit Rule 36-3.

    [**]    The panel unanimously concludes this case is suitable for decision without oral argument. *See* Fed. R. App. P. 34(a)(2).

application for employment in the King County Sheriff's Office and his subsequent arrest. We have jurisdiction under 28 U.S.C. § 1291. We review de novo. *Cotton v. City of Alameda*, 812 F.2d 1245, 1247 (9th Cir. 1987). We affirm.

The district court properly granted summary judgment on the ADEA claim because Prukop failed to offer evidence, apart from his unsupported opinion, as to whether he was qualified for the position he sought. *See id.* at 1248.

The district court properly granted summary judgment on the 42 U.S.C. § 1983 claims because Prukop failed to raise a genuine issue of material fact as to whether his constitutional rights were violated pursuant to a policy, practice, or custom of the County. *See Monell v. Dep't of Soc. Servs.*, 436 U.S. 658, 694 (1978).

The district court did not abuse its discretion in denying Prukop's motion for an extension of time to amend his complaint and to join additional parties because he failed to show good cause for his delay in doing so. *See Coleman v. Quaker Oats Co.*, 232 F.3d 1271, 1294-95 (9th Cir. 2000) (reviewing for abuse of discretion and requiring good cause for delay where plaintiff sought to amend complaint after scheduled deadline had expired).

Prukop's remaining contentions are unpersuasive.

**AFFIRMED.**